

FILED

JAN 28 2010

CLERK'S OFFICE
U.S. DISTRICT COURT
EASTERN MICHIGAN

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DANIEL RICHARD USREY,

        Petitioner,                  Case Number: 2:09-CV-14922

v.                                          HON. ARTHUR J. TARNOW

MICHIGAN PAROLE BOARD,

        Respondent.
_____/

## OPINION AND ORDER OF SUMMARY DISMISSAL

Petitioner Daniel Richard Usrey is a state inmate currently incarcerated at the Pugsley Correctional Facility in Kingsley, Michigan. He has filed a *pro se* petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254, claiming that he is incarcerated in violation of his constitutional rights. For the reasons which follow, the petition will be dismissed.

### I.

Petitioner pleaded guilty in Oakland County Circuit Court to first- and second-degree criminal sexual conduct. On February 21, 1991, he was sentenced to ten to thirty years' imprisonment for the first-degree criminal sexual conduct conviction and seven to fifteen years' imprisonment for the second-degree criminal sexual conduct conviction.

Petitioner was interviewed by the Michigan Parole Board on June 16, 2009. On that same date, the Parole board denied him release on parole and gave him an 18-month continuance. In his habeas petition, Petitioner argues that the Parole Board's decision was "unreasonable and unlawful and done in violation of Michigan law." Petition at 5. Petitioner argues that the proper procedures for approving parole guidelines were not followed and that the guidelines,

consequently, are null and void. He concludes that, because these guidelines were not properly enacted, the denial of parole was unlawful.

## II.

### A.

Upon the filing of a habeas corpus petition, the Court must promptly examine the petition to determine "if it plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief." Rule 4, Rules Governing Section 2254 cases. If the Court determines that the petitioner is not entitled to relief, the Court shall summarily dismiss the petition. *McFarland v. Scott*, 512 U.S. 849, 856 (1994) ("Federal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face"). The habeas petition does not present grounds which may establish the violation of a federal constitutional right, therefore, the petition will be dismissed

### B.

28 U.S.C. § 2254(d) imposes the following standard of review on federal courts reviewing applications for a writ of habeas corpus:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim –
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceedings.

28 U.S.C. § 2254(d). Therefore, federal courts are bound by a state court's adjudication of a

petitioner's claims unless the state court's decision was contrary to or involved an unreasonable application of clearly established federal law. *Franklin v. Francis*, 144 F.3d 429 (6th Cir. 1998). Additionally, this court must presume the correctness of state court factual determinations. 28 U.S.C. § 2254(e)(1); see also *Cremeans v. Chapleau*, 62 F.3d 167, 169 (6th Cir. 1995) ("We give complete deference to state court findings unless they are clearly erroneous").

The United States Supreme Court has explained the proper application of the "contrary to" clause as follows:

> A state-court decision will certainly be contrary to [the Supreme Court's] clearly established precedent if the state court applies a rule that contradicts the governing law set forth in our cases. . . .
>
> A state-court decision will also be contrary to this Court's clearly established precedent if the state court confronts a set of facts that are materially indistinguishable from a decision of this Court and nevertheless arrives at a result different from [the Court's] precedent.

*Williams v. Taylor*, 529 U.S. 362, 405-06 (2000).

With respect to the "unreasonable application" clause of § 2254(d)(1), the United States Supreme Court held that a federal court should analyze a claim for habeas corpus relief under the "unreasonable application" clause when "a state-court decision unreasonably applies the law of this Court to the facts of a prisoner's case." *Id.* at 409. The Court defined "unreasonable application" as follows:

> [A] federal habeas court making the "unreasonable application" inquiry should ask whether the state court's application of clearly established federal law was objectively unreasonable. . .
>
> [A]n unreasonable application of federal law is different from an incorrect application of federal law. . . . Under § 2254(d)(1)'s "unreasonable application" clause, then, a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision

3

applied clearly established federal law erroneously or incorrectly. Rather, that application must also be unreasonable.

*Id.* at 410-11.

### III.

Petitioner claims that the parole guidelines were illegally enacted under Michigan law. He argues they were promulgated in violation of the legislative oversight provisions requiring approval by the Joint Committee on Administrative Rules. Petitioner's claim concerns a matter of state law. This Court may grant a writ of habeas corpus only regarding errors in the application of federal law. *See Estelle v. McGuire*, 502 U.S. 62, 67-68 (1975). Habeas relief is unavailable for mere errors of state law and a federal court will not review a state court's decision on a matter of purely state law. *See Lewis v. Jeffers*, 497 U.S. 764, 780 (1990); *see also Murray v. Bergh*, No. 2:08-cv-49, 2009 WL 2135047 (W.D. Mich. July 16, 2009) (holding that claimed violations of Michigan laws, administrative rules, and procedural rules by the parole board are not, in themselves, cognizable under a petition for habeas corpus). Consequently, Petitioner's claim is not cognizable for purposes of habeas corpus review.

### IV.

Federal Rule of Appellate Procedure 22 provides that an appeal may not proceed unless a certificate of appealability (COA) is issued under 28 U.S.C. § 2253. Rule 11 of the Rules Governing Section 2254 Proceedings now requires that the Court "must issue or deny a certificate of appealability when it enters a final order adverse to the applicant."

A COA may be issued "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The substantial showing threshold is satisfied

when a petitioner demonstrates "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

It would be a "rare case" in which a district judge issues a certificate of appealability after summarily dismissing a petition because it plainly appeared from the face of the petition and any exhibits annexed to it that the petitioner was not entitled to habeas relief. *See Alexander v. Harris*, 595 F. 2d 87, 91 (2nd Cir. 1979). The Court concludes that reasonable jurists would not debate the Court's conclusion that the petition does not state a claim upon which habeas relief may be warranted. Therefore, the Court denies a certificate of appealability.

### V.

It plainly appears from the face of the petition that Petitioner is not entitled to habeas relief from this Court and the petition, therefore, is subject to summary dismissal. *See* Rule 4, Rules Governing Section 2254 Cases. Accordingly,

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DISMISSED**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **DENIED**.

S/Arthur J. Tarnow
Arthur J. Tarnow
United States District Judge

Dated: January 29, 2010

I hereby certify that a copy of the foregoing document was served upon counsel of record on January 29, 2010, by electronic and/or ordinary mail.

S/Catherine A. Pickles
Judicial Secretary